GARRETT *et al. v.* NEW YORK TRANSIT & TERMINAL Co., Limited, *et al.*

(*Circuit Court, S. D. New York.* October 17, 1888.)

INJUNCTION—COURTS—CONFLICTING STATE AND FEDERAL JURISDICTION.

Where the state court enters a decree before an order in the United States circuit court to show cause why a temporary injunction should not issue is heard, making the acts sought to be enjoined a contempt of the state court if done, and rendering the process of the United States court merely ancillary, the injunction will be denied, and complainants left to their remedy in the state court.

In Equity. On motion to show cause.

Bill by Robert Garrett and others against the New York Transit & Terminal Company, Limited, and others.

*Wm. W. Macfarland,* for complainants.

*Francis L. Stetson,* for defendants.

LACOMBE, J. Complainants sued defendants in the supreme court of the state. Upon trial, at special term, the relief asked for in the complaint was granted as to some of the defendants, but was refused, and the action dismissed, as to others. Thereupon complainants brought suit in this court against the defendants who had prevailed in the state court, praying for the same relief. Upon beginning this suit, complainants obtained an order to show cause why a temporary injunction should not issue, forbidding the defendants from making any disposition of the property in controversy, or from incumbering the same in any way. This order to show cause was returnable on June 7, 1886, and until the return-day of the order defendants were by its last clause restrained from doing the acts sought to be enjoined. The return-day of the order to show cause has been adjourned by consent, from time to time, until now. Meanwhile an appeal was prosecuted in the state court, the decision of the special term reversed, and judgment for the relief prayed for entered against all the defendants. This judgment has been affirmed by the court of appeals.[1] Defendants, who have not obeyed the mandate of the state court, are now, it is alleged, in contempt of that tribunal, and motion to punish them for such contempt has been made. Upon the argument of this motion for a preliminary injunction, counsel for the complainant conceded that there was no act which, being committed by the defendants, would be a contempt of the temporary injunction now asked for, that would not also be a contempt of the decree of the state court. It is also practically conceded that the process of this court is sought only as ancillary to that of the state court, and that complainants have no expectation of prosecuting the case here to final hearing, and thereupon obtaining the permanent injunction prayed for. Under these circumstances, the complainants should be left to their remedy in the state courts; and their motion for a temporary injunction must be denied.

[1] Not reported.