BERTHA ZINC & MINERAL CO. v. CARICO et al.

. (Circuit Court, W. D. Virginia. August 3, 1893.)

REMOVAL OF CAUSES—WHO MAY REMOVE.

A corporation, being sued for personal injuries, presented, after issue joined, a petition alleging that a certain other corporation was solely interested in the litigation, and asked that the latter might be made a defendant, exhibiting at the same time certain papers tending to show a transfer of defendant's assets to it. The petition was denied, whereupon the other corporation presented a petition and bond for removal, alleging that it was a defendant, that the controversy was wholly with it, and that it was a citizen of another state. Plaintiff objected to the filing of these papers, offering, however, to agree that the applicant might become a party to the

record if it would admit liability in case plaintiff showed a right to recover. This the applicant refused to do. The court then refused to allow the filing of the removal papers, and proceeded to trial. *Held* that, as the applicant never became a party to the record, it had no right of removal, and that an injunction obtained by it from the federal court restraining the prosecution of the case in the state court, on the ground that a removal had been effected by force of the statute (Act 1887-88, § 3), was improvidently awarded.

This was a suit by the Bertha Zinc & Mineral Company to enjoin Elbert Carico and others from prosecuting an action at law in the circuit court of Wythe county, Va.

This cause was submitted on the petition and motion of the complainant to enter an order perpetuating injunction orders awarded by Hon. Hugh L. Bond, on the 14th day of March, 1892, and on the 21st day of April, 1892, and, on the motion of certain of the defendants, to dissolve said injunctions. The cause shows the following state of facts: In the month of May, 1890, Elbert Carico, a citizen of Virginia, instituted in the circuit court of Wythe county, Va., an action at law against the Bertha Zinc Company, a corporation under the laws of Virginia, claiming damages for $20,000 for injuries done to the plaintiff in the month of November, 1889, while he was in the employment of the defendant, which was a mining corporation. At the September term, 1890, of the circuit court of Wythe, the defendant appeared, and demurred to the declaration, and, the demurrer being overruled, it pleaded not guilty, to which the plaintiff replied generally, and issue was joined on the plea, and the case continued. At the March term, 1891, the case was continued generally. At the September term, 1891, it was continued on the motion of the defendant. At the March term, 1892, the defendant, the Bertha Zinc Company, presented a petition to the court, alleging that it had no interest in the subject-matter of the suit, that there was no liability on it on account of the matter of complainant set up in the declaration, but that a third party, the Bertha Zinc & Mineral Company, was solely interested in the defense in the action, and liable to pay any recovery that might be had by reason of the injury complained of, and asking that the said Bertha Zinc & Mineral Company be required, by notice to be served upon it, to appear and maintain the defense of the case. The defendant filed as exhibits with its petition—First, a copy of an agreement entered into the 1st day of February, 1887, between George W. Palmer, of Saltville, Va., party of the first part, who is stated to be the owner or in control of all of the capital stock of the Bertha Zinc Company, and John H. Inman and others, as trustees, parties of the second part, the purpose of this agreement being to form what it terms the "Mineral Trust;" second, a deed made the 20th day of February, 1892, between the Bertha Zinc Company, party of the first part, and the Bertha Zinc & Mineral Company, a corporation existing under the laws of the state of New Jersey, party of the second part, conveying to the latter company several tracts of land, therein described, together with personal property, etc. The plaintiff objected to this petition being filed, and the court sustained the objection. Thereupon the defendant, the Bertha Zinc Company, asked leave to file the following petition:

"In the Circuit Court of Wythe County, State of Virginia.

"Elbert Carico, Plaintiff, vs. The Bertha Zinc and Mineral Co., Deft.

"Petition for the Removal of this Cause to the Circuit Court of the United States for the West. District of Virginia.

"To the Honorable Samuel W. Williams, Judge of the Circuit Court of Wythe County, State of Virginia: Your petitioner respectfully shows that it is a defendant in the above-entitled suit, and that it is a nonresident of the state in which said suit was brought, to wit, the state of Virginia; and that the matter and amount in dispute in the said suit exceed, exclusive of interest and cost, the sum or value of two thousand dollars. That the said suit is of a civil nature, namely, an action of trespass on the case for an injury complained of, in which action the plaintiff claims damages to the amount of twenty thousand dollars. That the controversy is wholly between citizens of different

states, to wit, between your said petitioner, who avers that it was at the time of being made a party to this suit, and still is, a citizen of the state of New Jersey, and the said plaintiff, who, as your petitioner avows, was then, and still is, a citizen of the state of Virginia. And your petitioner offers herewith a bond, with good and sufficient surety, for his entering in said circuit court of the United States, on the first day of its next session, a copy of the record of this suit, and for paying all costs that may be awarded by said circuit court, if said court shall hold that this suit was wrongfully or improperly removed thereto. And your petitioner prays this honorable court to proceed no further herein, except to make an order for the removal of this cause to said circuit court, and to accept said surety and bond, and to cause the record herein to be removed to the said circuit court of the United States in and for the western district of Virginia, and it will ever pray.

"Bertha Zinc and Mineral Company,
"By George M. Holstein,
"Attorney in Fact."

The court entered the following order: "To the filing of which said petition of removal and bond by the Bertha Zinc and Mineral Company the plaintiff by his counsel objected, and the plaintiff by counsel thereupon announced that if the said Bertha Zinc and Mineral Company would admit on the record that in the event the plaintiff showed himself entitled to recover in this case, that in that event the said Bertha Zinc and Mineral Company would be liable therefor; then, in that event, the plaintiff would not object to the said Bertha Zinc and Mineral Company's entering itself a party defendant; and thereupon the said Bertha Zinc and Mineral Company by counsel declined to make any such admission; then, on objection by the plaintiff, the court refused to permit said petition of removal and bond to be filed; to which ruling of the court the defendant, the Bertha Zinc Company, excepts, and to save the benefit of said objection it tenders this, its bill of exception No. 2, which it prays may be signed, sealed, and made a part of the record, which is accordingly so done. Samuel W. Williams. [Seal.]"

The court then impaneled a jury and proceeded with the trial of the case. Pending its trial, the Bertha Zinc & Mineral Company, the complainant in this suit, applied to the circuit judge of this court for a writ of injunction to restrain the plaintiff, Carico, his agents and attorneys, from pressing, prosecuting, or proceeding in said action at law in the circuit court of Wythe. In its bill the complainant alleges: "That there has been removed, under and by virtue of the statutes of the United States providing for such removal, from the circuit court of Wythe county, Virginia, to this court, upon the petition of your orator, who is the real and substantial defendant, the Bertha Zinc Company, of Virginia, being a nominal defendant therein." The circuit judge awarded the writ of injunction as prayed for, and on the 16th of March, 1892, during the progress of the trial in the circuit court of Wythe, the writ was served on the plaintiff, Carico, and his attorneys. The record shows the following: "And the said Bertha Zinc and Mineral Company asked leave to file an attested copy of said writ, with the return thereon, to which motion to file the same plaintiff by his said attorney objected; and the court having asked the counsel whether this paper was filed for or by the Bertha Zinc Co., the defendant of record, or by and for the Bertha Zinc and Mineral Co., to which counsel replied that they appeared on behalf of the Bertha Zinc and Mineral Co., and not on behalf of the defendant, the Bertha Zinc Co., the court then sustained said objection, and refused to allow the said writ of injunction, with the return thereon, to be filed." The state court proceeded with the trial; a verdict was rendered for the plaintiff, judgment entered thereon, and execution issued. The complainant then filed in this cause a petition and supplemental bill, alleging that the sheriff of Wythe county was proceeding to levy said execution on the complainant's property, and praying for a writ of injunction as a supplement to the original writ of injunction, perpetually enjoining and restraining the said Elbert Carico and his said attorneys, and the said sheriff and his deputies, from all further proceedings under the judgment of the said circuit court of Wythe county in the name of Carico, as plaintiff, against the Bertha Zinc Company, as defendant; that the levy and sale of complainant's property in execution of said judgment be likewise perpetual-

ly enjoined; that this petition be filed with leave to stay all proceedings upon said judgment in the said state court, and, upon the hearing, that the said case be declared to have been removed to this court, and that the said Elbert Carico and his attorneys be compelled to revoke and mark null and void all proceedings obtained in the state court after the service of said writ of injunction upon them, etc. On this petition and supplemental bill a writ of injunction was awarded on the 21st day of April, as prayed for, and rules awarded against Carico and his attorney, requiring them to show cause why they should not be adjudged in contempt of this court and its writ of injunction, issued on the 15th day of March, 1892, on the original bill in this cause. Copies of the order were served on the defendants, as directed in the order.

To the original bill, and to the petition and supplemental bill, the defendants filed a demurrer and their joint and several answers. The chief grounds of defense presented by the demurrer and answers are: That the Bertha Zinc & Mineral Company, at the time its petition for removal was offered in the state court, was not a party to the suit of Carico against the Bertha Zinc Company, and was never a party to said suit, but, on the contrary, declined to enter itself as a defendant in said cause, when respondents offered to consent to its being a party defendant, when it presented its petition for removal, if it desired to do so, and admit that it was the real party defendant, and liable to the plaintiff's demand in the event there should be a recovery. It denies that the Bertha Zinc Company sold by contract of February 1, 1887, its stock and property to the Mineral Trust of New York, or that it was a party to such contract, or bound thereby. It alleges that the contract of 20th of February, 1892, made between the Bertha Zinc Company and the Bertha Zinc & Mineral Company, nearly two years after the suit of Carico v. Bertha Zinc Company was brought, and fifteen days before the commencement of the term of the court at which it was to be tried, was made with intent to hinder, delay, and defraud said Carico out of any just recovery he should obtain in said suit. That the restraining order was obtained by misrepresentations, and fraud practiced on the judge granting it. That no record of the proceedings in the state court was filed with the bill, and that it was falsely alleged that that suit had been removed from the state court on petition of the complainant, that the complainant was the real defendant, and that the Bertha Zinc Company was a nominal defendant only, and that it misrepresented the facts as to the removal, and as to complainant being a party to the suit.

The answer denies that respondents, or any of them, had levied or attempted to levy on the personal property of the complainant, or ever threatened to levy any execution on, or in any way interfere with, the property of the complainant. It claims that both the judgment creditor and the judgment debtor are citizens of the state of Virginia, and denies the jurisdiction of this court in the premises. The complainant, subsequent to the filing of the answer of respondents, presented to this court its petition and amended petition, with an assignment from Elbert Carico, the plaintiff in the judgment against the Bertha Zinc Company, to one B. F. Garnet, of said judgment, principal, interest, and costs, and asking that the injunction in this suit be perpetuated, and that the action at law pending on the law side of this court be dismissed; also, an assignment and release by said B. F. Garnet to the said complainant, the Bertha Zinc & Mineral Company, of the full amount of principal, interest, and costs of said judgment; also, praying that said B. F. Garnet be made a party defendant to this cause.

F. S. Blair and J. E. Moore, for plaintiff.
Walker & Caldwell and R. L. Kirby, for defendants.

PAUL, District Judge. The principal question presented by the foregoing statement of facts, and the only one necessary to be considered by the court, is that of jurisdiction. Was the case of Carico v. Bertha Zinc Company, pending in the circuit court of Wythe county, one that could be removed into the United States circuit court, and did this court have authority to grant the writs

of injunction asked for in the original bill, and in the petition and supplemental bill, and which were granted? Section 2 of the act of congress of March 3, 1887, as amended by act of August 13, 1888, provides.

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

Section 3 of said act provides:

"That whenever any party entitled to remove any suit such as is mentioned in the next preceding (the 2nd) section, except such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the circuit court of the United States he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought, to answer or to plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court on the first day of its then next session, a copy of the record in such suit and for paying all costs that may be awarded by the said circuit court if said circuit court shall hold that such suit was wrongfully and improperly removed thereto, and also for their appearance and entering special bail in such suit if special bail was originally required therein. It shall then be the duty of the state court to accept such petition and bond, and proceed no further in such suit."

It is clear that the statute contemplates the removal shall be made by a defendant or defendants who are actual parties to the suit. It makes no provision for removal at the instance of persons who may be beneficially interested. It makes no provision for compelling or allowing other parties to interplead in a case, and thereby make the case removable from a state to a United States circuit court, which was not so removable as between the original parties to the action. The court knows of no principle of law or statutory provision that gives the defendant the power to require the plaintiff to summon and bring in a third party, and make him the defendant in an action at law in place of the party whom he has chosen to proceed against; and there is no rule of practice, certainly in this court, that allows such a proceeding. The only provisions of the Code of Virginia by which a third party can be made a defendant and required to interplead in an action at law are found in sections 2998 and 2999, Code of Virginia, 1887. They clearly do not apply to an action for damages such as Carico instituted against the Bertha Zinc Company; and, the plaintiff and the defendant both being citizens of the state of Virginia, the case was not removable into a court of the United States, nor had the Bertha Zinc & Mineral Company any right to remove that case into the federal court. It was not a party to the record, and peremptorily refused to enter itself as a party defendant to the action, though claiming and demanding all the rights and privileges secured a defendant under the statute. It was an entire stranger to the occurrences out of which the action grew. Carico's contract of service was with the Bertha Zinc Company. It was in the service of that company he was injured. If he desired to recover damages, he was

compelled to sue the Bertha Zinc Company. There was no privity between him and any other. At the time Carico entered into the service of the Bertha Zinc Company, and at the time he was injured, the Bertha Zinc & Mineral Company, so far as the record shows, was not in existence; certainly it had no interest in the property of the Bertha Zinc Company until the 20th day of February, 1892, when it purchased the property of the Bertha Zinc Company. This was over two years after the injury sustained by Carico, and nearly two years after he had commenced his suit against the Bertha Zinc Company; fifteen days before the term at which the trial was had, and three terms of the court having passed since the defendant was required to plead to the declaration. Under these circumstances, the state court could not remove the case into the federal court, and the same was not removed by operation of law, as claimed by the complainant, the Bertha Zinc & Mineral Company. As we have said, it was not a party defendant to the suit, and refused to enter itself on the record as such. It would be a strange construction of the statute allowing removals to permit the complainant, standing entirely outside of the record of the case in the state court, to present its petition and secure the removal of a case in which the defendant of record had no right to ask for a removal. On this subject Dillon says:

"Where the jurisdiction of the federal court depends on citizenship, it is the citizenship of the parties to the record that is alone considered, and not of those who, although not parties, may be beneficially interested in the litigation." Dill. Rem. Causes (5th Ed.) § 101.

The case in the state court not being removed or capable of being removed into the federal court, the writ of injunction granted on the original bill, restraining the plaintiff Carico from prosecuting his suit in the state court, was improvidently awarded. The same is true of the writ of injunction granted on the petition and supplemental bill, restraining the plaintiff Carico, his attorneys, and the sheriff of Wythe county from levying and collecting the execution issued on the judgment rendered in his favor in the state court. These writs were evidently granted under a misapprehension by the learned circuit judge of the true status of the case in the state court.

It is unnecessary to discuss the question as to the power of a federal court to enjoin proceedings in a state court. It is sufficient on this point, in view of the facts presented in this case, to refer to section 720, Rev. St. U. S. Diggs v. Wolcott, 4 Cranch, 179; Dial v. Reynolds, 96 U. S. 340; Fost. Fed. Pr. § 211; Garrett v. Terminal Co., 36 Fed. 513; Hemsley v. Myers, 45 Fed. 283.

The objection urged by counsel for the complainant, the Bertha Zinc & Mineral Company, that the court cannot entertain the motion to dissolve the injunction, because Carico, one of the defendants, asks that it be perpetuated, is not well taken. Walker, Caldwell, Kirby, and Harkrader, the other defendants, have a right to move, as they do, for its dissolution. If no one moved for its dissolution, it would be the duty of the court to dismiss the suit when it found that it had no jurisdiction. Section 5, c. 137 (18 Stat.), provides:

"That if, in any suit commenced in a circuit court or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court * * * the said circuit court shall proceed no further therein, but shall dismiss the suit, * * * and shall make such order as to costs as shall be just."

The court being without jurisdiction in this suit, it cannot enter the order asked for by the complainant in its petition and amended petition, perpetuating the injunctions heretofore awarded.

The demurrer, and motion to dissolve the same, must be sustained, and the cause dismissed, at the costs of the complainant. The case of Carico v. Bertha Zinc & Mineral Co., pending on the law side of the court, will also be dismissed.