### UNITED STATES v. PEDROLI.

(Circuit Court, D. Nevada. September 2, 1901.)

#### No. 714.

UNITED STATES—ACTIONS—SUBMITTING TO JURISDICTION OF STATE COURT.

When the United States enters its voluntary appearance in a state court in a civil suit involving property rights, it submits to the jurisdiction of such court, and is bound by the rules governing other litigants. It cannot resort to a federal court for an injunction against a violation of the decree of the state court, against which that court has full power to grant adequate relief.

In Equity. On motion for preliminary injunction.

This suit is brought to enjoin defendant from a violation of a decree entered in the state district court of Ormsby county, Nev., in the suit of Dangberg and others against Ross and others. That suit was instituted on June 21, 1871, to determine the rights of the several parties in that action to the waters of Clear creek. On August 24, 1871, a decree was rendered in said suit which, among other things, declared that Henry Ross was entitled to $19/100$ of the waters of said stream during the irrigating season, and that Roland Varnum was entitled to $25/1000$ of said stream. This decree has never been appealed from, modified, or reversed. The complaint shows that the rights of Ross under that decree were acquired by the complainant on the 31st day of January, A. D. 1889, and that defendant, Pedroli, is entitled to the rights decreed to Roland Varnum, and has been entitled thereto ever since the 8th day of January, 1889. It is alleged in the complaint that the defendant, during the months of June and July, 1901, unlawfully and intentionally diverted the waters of Clear creek in quantities largely in excess of the quantities authorized or permitted to be used by him by said decree, and threatens to continue the diversion thereof in quantities in excess of $25/1000$ parts of said stream; that owing to the irregular and uncertain times of holding court of the First judicial district court of the state of Nevada and enforcing the decree against the defendant, and the consequent delay in the protection of the rights of the complainant, and the irreparable injury which will be occasioned by the delay, complainant is compelled to seek relief and invoke the jurisdiction of this court. The answer admits the existence of the decree and the rights of complainant and defendant thereunder, and alleges, among other things, that the state court has jurisdiction of both the property and person of the complainant and the defendant, and that on the 21st day of July, 1898, upon the application of complainant, the state court took jurisdiction of the person of this defendant in a contempt proceeding, and fined defendant for a violation of the decree, but denies that the times of holding the state courts are irregular or uncertain, and avers that the second and fourth Saturdays of each month are the regular and certain law days of said court. There is no replication to the averments in the answer, and no denial of the averment as to the time of holding the state court.

Sardis Summerfield, U. S. Atty., and J. D. Torreyson, for the United States.

James G. Sweeney, for defendant.

HAWLEY, District Judge (after stating the facts). Should the complainant, after voluntarily appearing in the state court, and asking for and obtaining relief under the decree of the state court, by an order punishing the defendant for contempt, be permitted to come into the United States court and bring an independent suit upon the decree, asking for precisely the same relief it could obtain by a motion and showing in the state court? Having sought the jurisdiction of the state court, should it not apply to that forum for relief or give some legal reason why it could not there obtain full relief? Does not the comity existing between the national and state courts demand that this court should not interfere with the enforcement of the decree by the state court; even if it could be held that this court has jurisdiction in the premises? When the United States voluntarily appeared in the suit in the state court, it at the same time voluntarily submitted to the jurisdiction of that court; and in such a suit, it not being of a purely governmental matter, it stands upon an equality with, and is bound by, the same rules that govern other litigants. From the averments in the answer as to the sessions of the state court, it affirmatively appears that there is no necessity to bring a new suit in this court, for the sole and only purpose of obtaining the same relief which can be speedily obtained in the state court. It does not appear that there is any legal impediment in promptly securing the relief to which the complainant is entitled by an application to the state court to have the defendant punished for contempt for a violation of the decree. The court which allowed the injunction and entered the decree has inherent jurisdiction to punish the defendant for a violation of its provisions in a summary way, by motion and hearing. This remedy is practical, efficient, adequate, and complete. In Garrett v. Terminal Co. (C. C.) 36 Fed. 513, a similar case was presented. Lacombe, J., said:

"Upon the argument of this motion for a preliminary injunction, counsel for the complainant conceded that there was no act which, being committed by the defendants, would be a contempt of the temporary injunction now asked for, that would not also be a contempt of the decree of the state court. It is also practically conceded that the process of this court is sought only as ancillary to that of the state court. * * * Under these circumstances, the complainants should be left to their remedy in the state courts; and their motion for a temporary injunction must be denied."

The temporary injunction is denied, and the case dismissed, without prejudice.